Filed 6/26/24  P. v. Ordonez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B329533 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA353311) |
| v. | |
| RAMON ORDONEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Steven Samuel Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The trial court denied petitioner Ramon Ordonez's Penal Code section 1172.6 petition for resentencing at the prima facie stage.[1]  On appeal, Ordonez argues that the jury could have convicted him based on imputed malice without expressly finding that he acted with malice aforethought.  We disagree.  The jury necessarily found that Ordonez knowingly and intentionally assisted in an unlawful killing, which shows he acted with malice.  We affirm the trial court's order denying his resentencing petition.

## BACKGROUND

### 1. Petitioner was convicted of second degree murder

In a one-count information, petitioner was charged with the murder of Manuel Saucedo, and the People alleged gang and firearm enhancements.  The jury convicted petitioner of second degree murder and found the enhancements true.  The original trial court sentenced petitioner to an indeterminate term of 40 years to life.

### 2. Summary of facts

Our summary of the facts underlying the murder is based on petitioner's summary in the resentencing court because on appeal, he provided no summary in his opening brief and the record on appeal does not include a transcript of the trial.[2]

---

[1] Undesignated statutory citations are to the Penal Code.

[2] These facts are set forth in petitioner's reply brief in the resentencing court.   On appeal, petitioner does not summarize the facts but merely recites facts for which he "does not adopt the truth or accuracy . . . ."  California Rules of Court, rule 8.204

Petitioner was a self-admitted MS-13 gang member. The shooting that led to the death of Saucedo occurred approximately at 10:00 p.m. on May 9, 2007 in 18th Street gang territory. One day before the shooting, a member of the Harpies gang shot at petitioner and wounded two passengers in his car. "Apparently the 18th Street gang is aligned with the Harpies gang."

An eyewitness to the May 9, 2007 shooting observed three people in a Toyota shoot at Saucedo and heard one yell, "[F]uck faketeenth!" The eyewitness testified the driver was not the shooter. The next day, officers arrested petitioner, who was in a black Toyota Camry with two other persons.

In a pre-trial recorded interview played at trial, petitioner told officers on the day of the shooting, that petitioner was driving a Toyota, and was accompanied by "Big Trigger" in a Honda. Everyone in both vehicles was from petitioner's gang. Petitioner explained he was "cruising the neighborhood" "looking for those fools." Petitioner said, " '[W]e went to do a mission . . . .' " Petitioner told the officers that he was not a shooter, but admitted he supplied the shooters with weapons. In an unrecorded interview, petitioner told officers that the people in his car shot the victims.

### 3. *Instructions at trial*

The trial court did not instruct the jury on the felony murder doctrine or the natural and probable consequences doctrine. The court did not instruct the jury on any crime other than murder.

Thus, the court instructed the jury on aiding and abetting:

requires that an opening brief provide a summary of the significant facts. (Cal. Rules of Court, rule 8.204(a)(2)(C).)

"Persons who are involved in committing or attempting to commit a crime are referred to as principals in that crime.  Each principal, regardless of the extent or manner of participation, is equally guilty.  Principals include:  [¶]  1.  Those who directly and actively commit or attempt to commit the act constituting the crime or, [¶]  2.  Those who aid and abet the commission or attempted commission of the crime."

The court identified the elements of aiding and abetting.  "A person aids and abets the commission or attempted commission of a crime when he or she:  [¶]  (1) With knowledge of the unlawful purpose of the perpetrator, and [¶]  (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶]  (3) By act or advice aids, promotes, encourages or instigates the commission of the crime."

The court also described the elements of murder.  "Defendant is accused in Count ONE of having committed the crime of murder . . . .  [¶]  Every person who unlawfully kills a human being with malice aforethought is guilty of the crime of murder . . . .  [¶]  In order to prove this crime, each of the following elements must be proved:  [¶]  1.  A human being was killed; [¶]  2.  The killing was unlawful;  [¶]  3.  The killing was done with malice aforethought."

The court also defined malice for the jury.  " 'Malice' may be either express or implied.  [¶]  Malice is express when there is manifested an intention unlawfully to kill a human being.  [¶]  Malice is implied when:  [¶]  1.  The killing resulted from an intentional act; [¶]  2.  The natural consequences of the act are dangerous to human life; and [¶]  3.  The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.  [¶]  When it is shown that a killing

4

resulted from the intentional doing of an act with express or implied malice, no other mental state need be shown to establish the mental state of malice aforethought."

The only instruction on second degree murder provided: "Murder of the second degree is also the unlawful killing of a human being with malice aforethought when the perpetrator intended unlawfully to kill a human being but the evidence is insufficient to prove deliberation and premeditation." The court did not instruct the jury on second degree murder based on a theory of implied malice.

### 4. *Petitioner files a section 1172.6 petition for resentencing and the resentencing court denies it*

Petitioner filed a form petition stating that he was convicted of murder under the felony murder rule or natural and probable consequences doctrine and he could not be convicted of murder under current law. The resentencing court appointed counsel to represent petitioner. The resentencing court denied the petition, finding that petitioner had not demonstrated a prima facie case for eligibility. Petitioner timely appealed.

## DISCUSSION

Petitioner argues we should reverse the resentencing court's order denying his resentencing petition at the prima facie stage. We begin with background on the resentencing law and then consider petitioner's sole argument that the jury instructions permitted a conviction based on imputed malice.

5

**A.  The First Step for Section 1172.6 Resentencing Relief Is Demonstrating a Prima Facie Case of Eligibility for Relief**

"Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189 of the Penal Code to 'eliminate[ ] natural and probable consequences liability for murder as it applies to aiding and abetting, and [to] limit[ ] the scope of the felony-murder rule.' [Citation.]" (*People v. Lee* (2023) 95 Cal.App.5th at 1164, 1173.) Amended section 188 provides that except as stated in the amended section 189 governing felony murder, " 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Lee*, at p. 1173, quoting § 188, subd. (a)(3).)  The bill also added former section 1170.95, now numbered section 1172.6, "which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  Relief is potentially available for "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or *other theory under which malice is imputed to a person based solely on that person's participation in a crime*, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a), italics added.)

Petitioners may seek the relief contemplated by the statute by "fil[ing] a resentencing petition . . . alleging they could not currently be convicted of murder because of the changes in the law required by Senate Bill No. 1437." (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891.)  "If [a] petitioner ma[kes] a prima facie

6

showing for relief, the trial court [is] required to issue an order to show cause for an evidentiary hearing." (*Ibid*., citing § 1172.6, subd. (c).)  If the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law, the resentencing court may deny the petition at the prima facie stage.  (*People v. Lewis, supra*, 11 Cal.5th at pp. 970–972; *People v. Cortes* (2022) 75 Cal.App.5th 198, 206.)  We review de novo a petition denied at the prima facie stage.  (*People v. Lee, supra*, 95 Cal.App.5th at p. 1174; *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

**B.    As a Matter of Law, the Jury Instructions Demonstrate that Petitioner Cannot State a Prima Facie Case of Eligibility for Resentencing**

Petitioner argues that the resentencing court erred in denying his petition at the prima facie stage because "[t]he deficient instructions on aiding and abetting implied malice second-degree murder improperly imputed the shooter's implied malice to appellant."  We disagree.

First, the jury was instructed only on express malice second degree murder.  As noted in our Background, part 3, *ante*, the jury was instructed that "[m]urder of the second degree is also the unlawful killing of a human being with malice aforethought when the perpetrator intended unlawfully to kill a human being but the evidence is insufficient to prove deliberation and premeditation.  If the perpetrator intended to kill a human being, the perpetrator acted with express malice."  Although the court defined implied malice, it did not instruct the jury that the jury could convict of second degree murder based on implied malice.  The petitioner is incorrect that the jury could "have heard the

7

instructions on implied malice murder" because the trial court did *not* give that instruction.[3]

Second, the jury necessarily concluded that petitioner harbored malice. Under the given instructions, the jury would have to find the aider and abettor had to know the perpetrator intended to commit murder—the only charged offense. The aiding and abetting instruction required the jury to find the petitioner with knowledge of the perpetrator's unlawful purpose and with the intent or purpose of encouraging or facilitating the crime by act or advice aided in the commission of the crime. Further the jury was instructed that murder requires "[t]he killing was done with malice aforethought." "Absent some circumstance negating malice[,] one cannot knowingly and intentionally help another commit an unlawful killing without acting with malice." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1123.) Thus the jury necessarily found that petitioner harbored malice when he aided and abetted the perpetrator to commit an unlawful killing.

Petitioner contends *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*) demonstrates he was entitled to an evidentiary hearing. It does not.

---

[3] CALJIC No. 8.31, which the trial court did not give, provides: "Murder of the second degree is [also] the unlawful killing of a human being when: [¶] 1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. [¶] When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being."

In *Langi*, the petitioner and his confederates beat and robbed a victim who died after one of them punched the victim, causing the victim to fall and hit his head. (*Supra*, 73 Cal.App.5th at p. 975.) In contrast to the case before us, the trial court in *Langi* instructed the jury pursuant to CALJIC No. 8.31 that a killing committed with implied malice is a second degree murder. (*Id.* at p. 981.) The jury found the petitioner guilty of robbery, battery, and second degree murder. (*Id.* at p. 977.) After the resentencing court denied the petitioner's petition for resentencing, the appellate court reversed, holding that the petitioner could "have intended to encourage" only punching the victim, not killing the victim. (*Id.* at p. 983.) The appellate court explained, "Since the perpetrator's purpose need not have been to kill the victim, the aider and abettor's knowledge of that purpose similarly need not have been knowledge that the perpetrator aimed to kill. If the perpetrator need not have had 'murderous intent,' certainly the aider and abettor need not have had such an intent." (*Id.* at pp. 982–983.)

Here, in contrast to *Langi*, to convict petitioner of second degree murder, the instructions required the jury find that the perpetrator harbored intent to kill. To repeat—the only theory of second degree murder given to the jury was that "the perpetrator intended unlawfully to kill a human being . . . ." In this case, in contrast to *Langi,* the trial court did not instruct the jury on implied malice second degree murder. Petitioner's reliance on *Langi* is therefore misplaced.[4]

---

[4] Although the parties dispute whether *Langi* was correctly decided, given the instructions here, we do not enter this jurisprudential fray.

In sum, given the trial court's instructions, the jury necessarily found petitioner knowingly and intentionally assisted in an unlawful killing. Petitioner did not establish a prima facie case of eligibility for resentencing under section 1172.6 because he was not convicted under the natural and probable consequences theory, felony murder doctrine, or any other theory of imputed malice. (*People v. Lee*, *supra*, 95 Cal.App.5th at p. 1174 [if the record of conviction shows petitioner is ineligible for resentencing as a matter of law, the resentencing court may deny the petition without issuing an order to show cause]; see *People v. Cortes*, *supra*, 75 Cal.App.5th at pp. 204–205 [concluding that a defendant failed to make a prima facie showing because "the jury was not instructed on any theory of liability for murder . . . that required that malice be imputed to" the defendant "based solely on [his] participation in a crime"].)

## DISPOSITION

The trial court's order denying Ramon Ordonez's Penal Code section 1172.6 resentencing petition is affirmed.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

CHANEY, J.                    WEINGART, J.

10